UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNY MORITZ,

    Petitioner,                            CASE NO. 2:07-CV-15369
v.                                    HONORABLE ARTHUR J. TARNOW UNITED
                                        STATES DISTRICT JUDGE

BLAINE C. LAFLER,

    Respondent.
_____/

## **OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

Conny Moritz, ("Petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for kidnapping, M.C.L.A. 750.349; first-degree home invasion, M.C.L.A. 750.110a(2); carrying a dangerous weapon with unlawful intent, M.C.L.A. 750.226; assault with a dangerous weapon, M.C.L.A. 750.82; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. Petitioner has also filed a motion to hold the current petition in abeyance pending the completion of his state appellate court proceedings. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit Petitioner to complete his appellate proceedings in the state courts in order to exhaust his claims. The Court will also administratively close the case.

## **I. Background**

Petitioner was convicted following a jury trial in the Macomb County Circuit Court.

Petitioner's conviction was affirmed on appeal, but his case was remanded for re-sentencing. *People v. Moritz,* No. 2006 WL 2220966 (Mich.Ct.App. August 3, 2006); *lv. den.* 477 Mich. 975, 725 N.W.2d 21 (2006).

Petitioner was re-sentenced on November 16, 2006. Petitioner filed another appeal, which remains pending before the Michigan Court of Appeals.

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Defendant's Sixth Amendment right to confront witnesses against him at trial was violated when the trial court found a witness unavailable for trial and allowed that witness' preliminary examination testimony to be read to the jury.
>
> II. The court's imposition of sentences based on facts that were not found by a jury beyond a reasonable doubt violates the 5th and 6th Amendments of the US Constitution, contrary to *Blakely v. Washington, United States v. Booker,* and *Apprendi.*
>
> III. The trial court abused its discretion in ordering consecutive sentences for home invasion and kidnapping.
>
> IV. Defendant is entitled to resentencing before a different judge where the sentencing judge continuously refuses to allow defendant allocution before pronouncing sentence.

Petitioner has also filed a motion to hold the petition in abeyance pending the completion of the appeal of his re-sentencing in the Michigan appellate courts.

## II. Discussion

The Court will grant petitioner's motion to hold the petition in abeyance while he completes the exhaustion of his re-sentencing claims in the Michigan appellate courts. In this case, the outright dismissal of the petition, albeit without prejudice, might result in

2

preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278. However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.*

Therefore, in order to avoid Petitioner being time-barred from seeking habeas relief following the completion of his appeal from his re-sentencing, the Court will hold the present petition in abeyance. This tolling, however, is conditioned upon Petitioner initiating his state appellate court remedies, which he has apparently already done, and

more importantly, returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *Hargrove,* 300 F. 3d at 718; *Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III.  ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus shall be held in abeyance pending the completion of Petitioner's re-sentencing appeal in the Michigan Court of Appeals and the Michigan Supreme Court.  This tolling is conditioned upon Petitioner re-filing his habeas petition within **sixty (60) days** after the conclusion of his current state court appeal.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  January 3, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 3, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

4