**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CONNY MORITZ,

    Petitioner,                             CASE NO. 2:07-CV-15369

v.                                       HONORABLE ARTHUR J. TARNOW UNITED
                                         STATES DISTRICT JUDGE

BLAINE C. LAFLER,

    Respondent.
_____/

## OPINION AND ORDER AMENDING THE PREVIOUS ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Conny Moritz, ("Petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for kidnapping, M.C.L.A. 750.349; first-degree home invasion, M.C.L.A. 750.110a(2); carrying a dangerous weapon with unlawful intent, M.C.L.A. 750.226; assault with a dangerous weapon, M.C.L.A. 750.82; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. Petitioner also filed a motion to hold the petition in abeyance pending the completion of his re-sentencing appeal in the state courts. On January 3, 2008, the Court granted petitioner's motion and held the petition in abeyance pending the completion of petitioner's re-sentencing appeals in the Michigan Court of Appeals and Michigan Supreme Court. Petitioner has now filed a motion to vacate the Court's prior order, in which he asks the Court to vacate or amend the Court's prior order, so as to allow him to return to the state courts to exhaust additional issues not contained in his current petition. For the reasons stated below, the Court will amend the Court's prior

1

order of January 3, 2008 and will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to seek post-conviction review in order to exhaust his additional claims, failing which the petition shall be dismissed without prejudice. The Court will again administratively close the case.

## I. Background

Petitioner was convicted following a jury trial in the Macomb County Circuit Court. Petitioner's conviction was affirmed on appeal, but his case was remanded for re-sentencing. *People v. Moritz,* No. 2006 WL 2220966 (Mich.Ct.App. August 3, 2006); *lv. den.* 477 Mich. 975, 725 N.W.2d 21 (2006).

Petitioner was re-sentenced on November 16, 2006. Petitioner filed another appeal, which remains pending before the Michigan Court of Appeals.

On or about December 17, 2007, petitioner filed a petition for writ of habeas corpus on the following grounds:

> I. Defendant's Sixth Amendment right to confront witnesses against him at trial was violated when the trial court found a witness unavailable for trial and allowed that witness' preliminary examination testimony to be read to the jury.
>
> II. The court's imposition of sentences based on facts that were not found by a jury beyond a reasonable doubt violates the 5th and 6th Amendments of the US Constitution, contrary to *Blakely v. Washington, United States v. Booker,* and *Apprendi.*
>
> III. The trial court abused its discretion in ordering consecutive sentences for home invasion and kidnapping.
>
> IV. Defendant is entitled to resentencing before a different judge where the sentencing judge continuously refuses to allow defendant allocution

before pronouncing sentence.

On January 3, 2008, the Court held the petition in abeyance pending the completion of petitioner's re-sentencing appeal. Petitioner now seeks to have the abeyance order in effect extended to permit him to return to the state courts to exhaust additional claims that are not currently contained in his petition for writ of habeas corpus.

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *See also Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court will grant petitioner's motion to hold the petition in abeyance while he seeks state post-conviction relief in order to exhaust additional claims. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating

a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). This Court notes that while petitioner's re-sentencing appeal remains pending before the Michigan Court of Appeals and the Michigan Supreme Court, he would be unable to seek post-conviction relief in the state courts, because M.C.R. 6.508(D)(1) indicates that a state court cannot grant post-conviction relief if the motion "seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal pursuant to subchapter 7.200 or subchapter 7.300." Therefore, petitioner will obviously have to wait until his re-sentencing appeal is completed before he can file his post-conviction motion for relief from judgment.

Therefore, in order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will amend its previous order and will hold the present petition in abeyance to allow petitioner to seek post-conviction relief. This tolling is conditioned upon petitioner initiating his state post-conviction remedies within sixty days of the Michigan Supreme Court denying his re-sentencing appeal and returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *Id.;Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Macomb County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a

4

response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

### III.  ORDER

Accordingly, it is **ORDERED** that the Court's Opinion and Order Holding in Abeyance the Petition for Writ of Habeas Corpus and Administratively Closing Case Dated January 3, 2008 shall be amended in the following respect:  Petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of the denial of his re-sentencing appeal by the Michigan Supreme Court.**  If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case shall then be held in abeyance pending the petitioner's exhaustion of the new claims.  The petitioner shall re-file a habeas petition within 60 days after the conclusion of the state court post-conviction proceedings.  Petitioner is free at that time to file an amended habeas petition which contains his newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** that this case shall remained closed this case for statistical purposes only.  Nothing in this order or in the

5

*Moritz v. Lafler,* 2:07-15369

related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

        S/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated: March 19, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 19, 2008, by electronic and/or ordinary mail.

        S/Catherine A. Pickles
        Judicial Secretary