**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CONNY MORITZ,

     Petitioner,                  CASE NO. 2:07-CV-15369

v.                               HONORABLE ARTHUR J. TARNOW UNITED
                               STATES DISTRICT JUDGE

BLAINE C. LAFLER,

     Respondent.

_____/

<u>**OPINION AND ORDER DENYING THE MOTIONS FOR EVIDENTIARY HEARING,
FOR BOND, AND TO EXPAND THE RECORD**</u>

      Conny Moritz, ("Petitioner"), has filed a *pro se* petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for kidnapping,

M.C.L.A. 750.349; first-degree home invasion, M.C.L.A. 750.110a(2); carrying a

dangerous weapon with unlawful intent, M.C.L.A. 750.226; assault with a dangerous

weapon, M.C.L.A. 750.82; and possession of a firearm in the commission of a felony,

M.C.L.A. 750.227b.  Before the Court are petitioner's motions for evidentiary hearing,

for release on bond, and for the expansion of the record.  For the reasons stated below,

the motions are DENIED WITHOUT PREJUDICE.

      If a habeas petition is not dismissed at a previous stage in the proceeding, the

judge, after the answer and the transcript and record of state court proceedings are

filed, shall, upon a review of those proceedings and of the expanded record, if any,

determine whether an evidentiary hearing is required.  If it appears that an evidentiary

hearing is not required, the judge shall make such disposition of the petition as justice

shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549

(E.D. Mich. 1999)(Gadola, J.). It is within the district court's discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F. 2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

The motion for an evidentiary hearing will be denied without prejudice because the Court has only recently received an answer and the state court record from respondent. Petitioner has also filed a reply to the answer. Without reviewing these materials, the Court is unable to determine whether an evidentiary hearing on petitioner's claims is needed. Following review of these materials, the Court will then determine whether an evidentiary hearing is necessary to resolve petitioner's claims. The Court will therefore deny petitioner's motion for an evidentiary hearing without prejudice.

The Court will also deny petitioner's motion for bond reduction. In order to receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See also Nash v. Eberlin*, 437 F. 3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court*, 735 F. 2d 204, 208 (6th

2

Cir. 1984).  By implication, a federal court should not grant bail under other circumstances.  In light of the fact that petitioner has failed to establish at this time that he would prevail on the merits of his claims, he is not entitled to release on bail. *See e.g. Greenup v. Snyder,* 57 Fed. Appx. 620, 621-22 (6th Cir. 2003).

The Court will also deny the motion to expand the record.  Rule 7 (a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition."  A federal district court judge may employ a variety of measures to avoid the necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to include evidentiary materials that may resolve the factual dispute without the need for an evidentiary hearing. *See Blackledge v. Allison,* 431 U.S. 63, 81-82 (1977).  The decision whether to expand a habeas record is within the sound discretion of the district court. *See West v. Bell,* 550 F.3d 542, 551 (6th Cir. 2008).

The Court will deny petitioner's motion to expand the record because petitioner has failed to show how this proposed evidence would advance the claims that he has raised in his petition.  Because petitioner has failed to show how the requested information would further any of his constitutional claims, the Court will deny the motion to expand the record without prejudice to petitioner renewing his request at a later date. *See Beuke v. Houk*, 537 F.3d 618, 654 (6th Cir. 2008).

*Moritz v Lafler*, 07-15369

**ORDER**

Based upon the foregoing, **IT IS ORDERED** that the motion for an evidentiary

hearing [Dkt. # 13], the motion for bond [Dkt. # 14] and the motion to expand the record

[Dkt. # 15] are **DENIED WITHOUT PREJUDICE.**


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: September 21, 2010


I hereby certify that a copy of the foregoing document was served upon parties/counsel
of record on September 21, 2010, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary