**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CONNY MORITZ,

      Petitioner,               CASE NO. 2:07-CV-15369

v.                          HONORABLE ARTHUR J. TARNOW UNITED
                                  STATES DISTRICT JUDGE

JEFFREY WOODS,

      Respondent.

_____/

**OPINION AND ORDER CONDITIONALLY**
**GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS**

      Conny Moritz, ("Petitioner"), presently confined at the Chippewa Correctional

Facility in Kincheloe, Michigan, has filed a *pro se* petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254, challenging his conviction for kidnapping, M.C.L.A.

750.349; first-degree home invasion, M.C.L.A. 750.110a(2); carrying a dangerous

weapon with unlawful intent, M.C.L.A. 750.226; assault with a dangerous weapon,

M.C.L.A. 750.82; and possession of a firearm in the commission of a felony, M.C.L.A.

750.227b. [1]  This Court finds that petitioner did not knowingly and intelligently waive his

Sixth Amendment right to be represented by his retained prepared counsel during a

critical stage of his trial, namely, when the trial court was deciding whether or

not to give a supplemental jury instruction to the deadlocked jury and when the

---

[1]  When petitioner originally filed his petition for writ of habeas corpus, he was
incarcerated at the Carson City Correctional Facility, but has since been transferred
to the Chippewa Correctional Facility.  The only proper respondent in a habeas case is the
habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner
would be the warden of the facility where the petitioner is incarcerated. *See Edwards
Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. §
2254.  Therefore, the Court substitutes Warden Jeffrey Woods in the caption.

2:07-cv-15369-AJT-RSW   Doc # 31   Filed 02/21/12   Pg 2 of 17   Pg ID 1996

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

deadlocked jury was given a supplemental jury instruction to continue with their

deliberations.  Because this is a structural error, the grant of habeas corpus is

automatic.  The petition for writ of habeas corpus is therefore **CONDITIONALLY**

**GRANTED.**

## I.  Background

Petitioner was convicted following a jury trial in the Macomb County Circuit Court.

Petitioner was originally sentenced on August 13, 2003 but was re-sentenced by the

trial court on August 3, 2004.  Petitioner's conviction was affirmed on appeal, but his

case was remanded for re-sentencing. *People v. Moritz,* No. 251265; 258436; 2006 WL

2220966 (Mich.Ct.App. August 3, 2006); [2] *lv. den.* 477 Mich. 975; 725 N.W.2d 21

(2006).

Petitioner was re-sentenced on November 16, 2006.  The Michigan appellate

courts affirmed petitioner's re-sentencing. *People v. Moritz,* No. 275210 (Mich.Ct.App.

January 10, 2008); *lv. den.* 480 Mich. 1190, 747 N.W.2d 302 (2008).

While petitioner's second appeal was pending in the state courts, petitioner filed

an application for writ of habeas corpus.  On January 3, 2008, the Court held the

petition for writ of habeas corpus in abeyance pending the completion of petitioner's re-

sentencing appeals in the Michigan Court of Appeals and Michigan Supreme Court.

The Court also administratively closed the case. *See Moritz v. Lafler,* No. 2008 WL

---

[2] In Docket # 251265, petitioner appealed his convictions and in Docket # 258436, petitioner appealed his first re-sentencing.  Although the Michigan Court of Appeals consolidated the appeals, petitioner had different appellate attorneys  represent him with respect to each of these appeals. (See this Court Dkt. ## 24-16; 24-18).

2

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

62458 (E.D.Mich. January 3, 2008).  On March 19, 2008, the Court amended its prior

order of January 3, 2008 and held the petition in abeyance to permit petitioner to seek

post-conviction review in order to exhaust additional claims. *Moritz v. Lafler*, No. 2008

WL 783751 (E.D. Mich. March 19, 2008).

Petitioner filed a post-conviction motion for relief from judgment, which the trial

court denied. *People v. Moritz,* No. 2003-0991-FC (Macomb County Circuit Court, July

2, 2008).  The Michigan appellate courts denied petitioner's post-conviction appeal.

*People v. Moritz,* No. 286628 (Mich.Ct.App. March 4, 2009); *lv. den.* 485 Mich. 891, 772

N.W.2d 410 (2009).

On December 4, 2009, this Court reinstated the petition to the Court's active

docket and permitted petitioner to file an amended petition for writ of habeas corpus, in

which he seeks habeas relief on the following grounds:

> I. Petitioner's Sixth Amendment right to confront the witness against him at
> trial was violated when the trial court found a witness unavailable for trial
> and allowed that witness' preliminary examination testimony to be read to
> the jury.
>
> II. The court's imposition of sentence based on facts that were not found
> by a jury beyond a reasonable doubt violates the Fifth and Sixth
> Amendments of the United States Constitution, contrary to *Blakely v.
> Washington*, *U.S. v. Booker*, and *Apprendi.*
>
> III. The trial court abused its discretion in ordering consecutive sentences.
>
> IV. Petitioner is entitled to re-sentencing before a different judge where the
> sentencing judge continuously refuses to allow Petitioner allocution before
> pronouncing sentence.
>
> V. The trial court violated Petitioner's Sixth Amendment constitutional right
> to counsel of choice when it replaced defense counsel without obtaining
> Petitioner's consent or waiver.

3

2:07-cv-15369-AJT-RSW   Doc # 31   Filed 02/21/12   Pg 4 of 17   Pg ID 1998

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

VI. Petitioner was denied his Sixth and Fourteenth Amendment constitutional right to counsel where his retained counsel was absent at a critical stage.

VII. Petitioner was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel where his trial counsel failed to (A) present the defenses that Petitioner had legal authority over complainant and consent; (B) move for the introduction of complainant's prior false allegations, and (C) do the above which, when considered cumulatively, prejudiced the Petitioner.

VIII.  Petitioner was denied his Fourteenth Amendment due process right to a fair trial where the Prosecutor knowingly used false and perjured testimony.

IX.  The Due Process Clause of the Fourteenth Amendment was violated where the Prosecutor failed to disclose favorable evidence.

X. Petitioner's due process rights were violated where his sentence was based on inaccurate information in violation of the Fourteenth Amendment which entitles him to re-sentencing.

XI.  Petitioner was denied his Sixth and Fourteenth Amendment right to the effective assistance of appellate counsel where all three of his appellate counsels failed to raise habeas claims V through X which establishes good cause for Petitioner's failure to raise those issues on direct review.

## II.  Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claims # V and # VI. Petitioner was deprived of his Sixth Amendment right to counsel of choice during a critical stage of the proceedings and did not knowingly and intelligently waive his right to be represented by his retained counsel when the judge decided to give and gave the deadlocked jurors a supplemental jury instruction to continue with their deliberations without retained counsel being present.**

The Court will discuss petitioner's fifth and sixth claims first, because these are the claims that the Court is granting habeas relief on. Petitioner contends in these two related claims that he was denied his Sixth Amendment right to the counsel of his choice when the trial judge had another attorney whom petitioner did not choose to represent him stand in for retained counsel when the judge decided to give and gave

5

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

the jurors a deadlocked jury instruction.  Petitioner further contends that he did not

knowingly and intelligently waive his Sixth Amendment right to counsel of his choice.

Respondent contends that petitioner's fifth and sixth claims are procedurally

defaulted, because he raised them for the first time in his post-conviction motion for

relief from judgment and failed to show cause for failing to raise this issue in his appeal

of right, as well as prejudice, as required by M.C.R. 6.508(D)(3).  Michigan Court Rule

6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for

relief from judgment alleges grounds for relief which could have been raised on direct

appeal, absent a showing of good cause for the failure to raise such grounds previously

and actual prejudice resulting therefrom.

The Supreme Court has noted that "a procedural default does not bar

consideration of a federal claim on either direct or habeas review unless the last state

court rendering a judgment in the case 'clearly and expressly' states that its judgment

rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989).  "The Sixth

Circuit has observed that 'there must be unambiguous state-court reliance on a

procedural default for it to block' a federal court from reviewing a state court decision."

*Stokes v. Scutt*, --- F.Supp.2d ----, No. 2011 WL 5250848, * 6 (E.D. Mich. November 4,

2011)(quoting *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir. 2003)(citing *Gall v. Parker*,

231 F.3d 265, 321 (6th Cir. 2000)).  If the last state court judgment contains no

reasoning, but simply affirms the conviction in a standard order, the federal habeas

court must look to the last reasoned state court judgment rejecting the federal claim

and apply a presumption that later unexplained orders upholding the judgment or

6

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims.  Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010).  This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The Macomb County Circuit Court judge, in rejecting petitioner's motion for relief from judgment, noted that pursuant to M.C.R. 6.508(D)(3), a court cannot grant post-conviction relief if the motion alleges grounds that could have been raised on appeal, unless the defendant can show good cause for failing to previously raise the claim and actual prejudice from the irregularities. *People v. Moritz,* No. 2003-0991-FC, * 2-3 (Macomb County Circuit Court, July 2, 2008).  With respect to petitioner's fifth and sixth claims, the trial judge refused to address either claim, because either claim could have been raised in any of petitioner's prior appeals. *Id.,* at p. 4.  Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's fifth and sixth claims are clearly procedurally defaulted

7

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F. 3d 284, 292-93 (6th Cir. 2007); *See also Howard v. Bouchard,* 405 F. 3d 459, 477 (6th Cir. 2005).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice". *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).

Petitioner contends that any procedural default should be excused because of the ineffective assistance of his various appellate counsel in failing to raise these claims in any of his three appeals of right.  Ineffective assistance of counsel is cause for procedural default, but the doctrine of exhaustion requires that such claim be presented to the state courts as an independent claim before it can be used to establish cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *Murray v. Carrier*, 477 U.S. 478, 488-489 (1986).  If petitioner can show that he received ineffective assistance of appellate counsel that rose to the level of a Sixth Amendment violation, it would excuse his procedural default for failing to raise his fifth and sixth claims on his direct appeals in the state courts. *Seymour v. Walker*, 224 F. 3d 542, 550 (6th Cir.f 2000).  Additionally, petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette*, 624 F. 3d at 291; *Hicks v. Straub*, 377 F. 3d 538, 558, n. 17 (6th Cir. 2004). Given that the cause and prejudice inquiry for the procedural default issue merges with

8

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

an analysis of the merits of petitioner's defaulted claims, the Court must consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004). The failure to raise a Constitutional claim as strong as the absence of counsel as in this case is ineffective assistance of appellate counsel.

The Sixth Amendment guarantees the accused in a criminal prosecution the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* sets forth a two-part test for assessing claims of ineffective assistance. First, did the attorney make errors "so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment," 466 U.S. at 687. To establish deficient performance under this prong of *Strickland*, the defendant must show that his attorney's representation "fell below an objective standard of reasonableness." *Id.*, at 688. The second prong of *Strickland* examines whether the defendant was prejudiced by counsel's deficient performance. To meet the prejudice standard, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

Moreover, in assessing whether a claim of ineffective assistance satisfies the "cause" requirement of *Coleman*, a less stringent standard of review is applied than when reviewing an independent freestanding ineffective assistance of counsel claim pursuant to the deferential standard of review found in 28 U.S.C. § 2254(d). The

9

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

question for the federal habeas court is not whether the state court's decision was unreasonable, but whether there was there an independent Sixth Amendment violation under *Strickland.* Stated differently, the level of scrutiny is the same as would be applied on direct review. *See Joseph v. Coyle*, 469 F.3d 441, 459 (6ᵗʰ Cir. 2006).

In the present case, petitioner retained Rickey J. Nelson to represent him at trial. [3] However, after beginning their deliberations, the jurors sent the judge a note indicating that they were at a stalemate and were unable to reach a verdict. The judge indicated on the record that he had Cecil St. Pierre standing in for Mr. Nelson, who had "been detained". The judge was deciding whether or not to give the deadlocked jury instruction to the jurors and when to do so. Mr. St. Pierre requested a mistrial on the grounds that the jury was deadlocked, which the court denied. (Tr. 7/15/2003, pp. 3-6). The trial judge denied the request and read the jurors the deadlocked jury instruction, namely, to continue with their deliberations. (*Id.,* pp. 6-8). Significantly, however, the judge never asked petitioner whether he wished to have his retained counsel Mr. Nelson present for the deadlocked jury instruction or whether he agreed to waive Mr.

---

[3] Respondent does not contest in his answer that petitioner retained Mr. Nelson to represent him at trial. The Court will therefore accept the factual allegations contained within the habeas petition that Mr. Nelson was retained and not appointed, because the respondent has not disputed this allegation in his answer. *See Cristini v. McKee,* 526 F. 3d 888, 894, n. 1 (6ᵗʰ Cir. 2008)("When a state's return to a habeas corpus petition fails to dispute the factual allegations contained within the habeas petition, it essentially admits these allegations").

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

Nelson's presence and have Mr. St. Pierre represent him when the jury was given the

deadlocked jury instruction. (*Id.,* pp. 3-14). [4]

        Before ruling on the merits of petitioner's underlying fifth and sixth claims, this

Court notes that neither the Macomb County Circuit Court nor the Michigan appellate

courts ever addressed the merits of these two claims.  When a state court fails to

adjudicate a habeas petitioner's claim on the merits, federal habeas review is not

subject to the deferential standard contained in § 2254(d) and a federal court is

required to review that claim *de novo. See Cone v. Bell,* 129 S. Ct. 1769, 1784 (2009);

*Wiggins v. Smith*, 539 U.S. 510, 534 (2003);  *See also McKenzie v. Smith,* 326 F. 3d

721, 726 (6th Cir. 2003).  In the present case, the Macomb County Circuit Court

declined to address the merits of petitioner's fifth and sixth claims that he raised in his

post-conviction motion and the Michigan Court of Appeals and the Michigan Supreme

Court denied petitioner's applications for leave to appeal by form order.  In this case,

"there are simply no results, let alone reasoning, to which this court can defer.  Without

such results or reasoning, any attempt to determine whether the state court decision

'was contrary to, or involved an unreasonable application of clearly established Federal

law,' 28 U.S.C. § 2254(d)(1), would be futile." *McKenzie,* 326 F. 3d at 727; *See also*

*Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003)(Michigan courts' failure to consider

the petitioner's ineffective assistance of counsel claims rendered the AEDPA's

---

        [4]  Petitioner has attached a partial transcript from July 15, 2003 to his petition for
writ of habeas corpus. See Petitioner's Appendix D.  A complete transcript from July 15,
2003 has been included with the Rule 5 materials. (See Dkt. # 24-12).

11

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

deferential standard of review inapplicable, thus, the Sixth Circuit would review

petitioner's claims under a *de novo* standard); *Daniel v. Palmer,* 719 F. Supp. 2d 817,

825-26 (E.D. Mich. 2010)(same).  Accordingly, this Court cannot apply the deferential

standard of review contained in the AEDPA but must review *de novo* petitioner's fifth

and sixth claims.

The U.S. Supreme Court has clearly established that the complete denial of

counsel during a critical stage of a judicial proceeding mandates a presumption of

prejudice. *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000); *Penson v. Ohio*, 488 U.S.

75, 88 (1988); *United States v. Cronic*, 466 U.S. 648, 659 (1984).

The existence of certain structural defects in a trial, such as the deprivation of

the right to counsel, requires automatic reversal of the conviction because it infects the

entire trial process. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993).  The U.S.

Supreme Court has routinely found constitutional error without any specific showing of

prejudice to a defendant when counsel is either totally absent, or prevented from

assisting the accused during a critical stage of the proceedings. *Cronic*, 466 U.S. at

659, n.25; *United States v. Minsky*, 963 F. 2d 870, 874 (6th Cir. 1992).

The giving of a supplemental jury instruction is a critical stage of the criminal

proceeding. *See Rushen v. Spain*, 464 U.S. 114,119, n. 4 (1983); *See also French v.

Jones,* 332 F. 3d 430, 438-39 (6th Cir. 2003).  Re-instructing a jury is also a critical

stage of the proceedings for purposes of the Sixth Amendment right to counsel. *See

Caver v. Straub,* 349 F. 3d 340, 350 (6th Cir. 2003).  The decision whether or not to

give a supplemental instruction and the giving of an instruction to a deadlocked jury to

12

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

continue with their deliberations are critical stages of the proceedings for purposes of the Sixth Amendment. *French v. Jones,* 332 F. 3d at 438.

In the present case, the trial judge gave the deadlocked jury a supplemental instruction to continue in their deliberations.  This is a critical stage of the proceedings for purposes of petitioner's Sixth Amendment right to counsel.  Although petitioner did have a stand-in attorney represent him, petitioner's counsel of choice was not present when the judge instructed the jurors to continue deliberating.  One element of the Sixth Amendment right to counsel is the right of a defendant who does not require appointed counsel to choose who will represent him or her. *U.S. v. Gonzalez-Lopez,* 548 U.S. 140, 144 (2006)(citing *Wheat v. United States*, 486 U.S. 153, 159 (1988)).  Indeed, "[t]he Sixth Amendment guarantees the defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Id.* (citing *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624-25 (1989)).  Where a criminal defendant's right to be assisted by counsel of one's choice is wrongly denied, it is unnecessary for a reviewing court to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation. *Id.* at 148:  "Deprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received." *Id.*

Moreover, there is nothing from the record to indicate that stand-in counsel had any opportunity to meet with petitioner to discuss the facts of the case in any meaningful way nor is there any indication that stand-in counsel was prepared to

13

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

address the judge's suggestion to give the jurors a deadlocked jury instruction.  In fact, it appears that stand-in counsel had only minimal time to decide how to respond to the judge's decision to instruct the jurors to continue with their deliberations.  In fact, while discussing whether or not the jury should be given the deadlocked jury instruction, Mr. St. Pierre, petitioner's stand-in counsel, noted that petitioner's retained counsel "knows the circumstances of this case, he'd probably be in a better position to handle that issue." (Tr. 7/15/2003, p. 6).  A defendant is constructively denied the assistance of counsel in situations in which a defendant is appointed counsel in a manner that results in minimal preparation time, inadequate opportunity for counsel to meet and consult privately with the defendant, and a rushed decision-making process. *See United States v. Morris*, 470 F.3d 596, 601–02 (6th Cir. 2006).  Stand-in counsel's remarks demonstrate his unfamiliarity with the issues of the case and his lack of preparation. Stand-in counsel's lack of knowledge about the case and the obvious lack of adequate preparation time amounted to a constructive denial of counsel for petitioner.

Finally, there is nothing from the record to indicate that petitioner voluntarily waived his right to have his retained counsel present when the deadlocked jury was instructed to continue deliberating or that he agreed to be represented by Mr. St. Pierre.  The United States Supreme Court has held that a waiver of the Sixth Amendment right to counsel is valid only when it reflects "an intentional relinquishment or abandonment of a known right or privilege." *Patterson v. Illinois*, 487 U.S. 285, 292 (1988)(quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).  In other words, the accused must "know what he is doing" so that "his choice is made with eyes open."

14

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

*Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942).  A waiver of a right to a lawyer will not be lightly presumed and a trial judge must indulge every reasonable presumption against a waiver. *Brewer v. Williams,* 430 U.S. 387, 404 (1977); *Boyd v. Dutton*, 405 U.S. 1, 2 (1972); *Johnson v. Zerbst*, 304 U.S. at 464.  Moreover, a court cannot presume a valid waiver of counsel from a silent record. *See Burgett v. Texas,* 389 U.S. 109, 114-15 (1967)*; Carnley v. Cochran*, 369 U.S. 506, 516 (1962).  Indeed, a trial court's determination as to the propriety of a defendant's waiver of his Sixth Amendment right to counsel should appear on the record. *See Fowler v. Collins*, 253 F.3d 244, 249 (6th Cir. 2001)(citing *Johnson*, 304 U.S. at 465).  Therefore, "A defendant's waiver of his right to counsel must be made on the record knowingly, intelligently, and voluntarily." *Id.*  Doubts about whether there has been a waiver must be resolved in favor of the Sixth Amendment. *See Michigan v. Jackson*, 475 U.S. 625, 633 (1986); *overruled on other grds by Montejo v. Louisiana,* 129 S. Ct. 2079 (2009).  In order to establish that a defendant validly waived the right to counsel, the state bears a heavy burden of proving that the waiver was voluntary, knowing, and intelligent. *Brewer v. Williams*, 430 U.S. at 403.

In the present case, petitioner's retained counsel was absent when the judge instructed the deadlocked jury to continue deliberating.  Moreover, there is nothing in the record which would lead this Court to conclude that petitioner knowingly and intelligently waived his right to have counsel of choice present when the judge instructed the jurors to continue with their deliberations.  In light of the strong presumption against waiver of the constitutional right to counsel, this Court finds that

15

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

petitioner did not clearly and unequivocally waive his Sixth Amendment right to counsel of choice and was therefore deprived of the right to be represented by his retained counsel during a critical stage of the proceedings.  Moreover, because petitioner's fifth and sixth claims involving the denial of the right to be represented by counsel of his choice during a critical stage of the proceedings in the absence of a valid waiver are meritorious, petitioner's three different appellate counsel were ineffective for failing to raise these claims on petitioner's direct appeals, so as to provide petitioner cause and prejudice for failing to raise his fifth and sixth claims on his direct appeals and thus to excuse the procedural default. *See McFarland v. Yukins,* 356 F. 3d 688, 712 (6th Cir. 2004). [5]

The Court further finds that because petitioner was deprived of the counsel of his choice during a critical stage of the proceedings, reversal of his conviction is automatic.  Petitioner is entitled to the issuance of a conditional writ of habeas corpus. The Court will therefore grant petitioner a writ of habeas corpus conditioned upon the State of Michigan retrying him within 90 days of this Court's decision.

Because this Court's conclusion that petitioner is entitled to habeas relief on his claim involving the denial of counsel is dispositive of the petition, the Court considers it

---

[5]  As mentioned above, petitioner initially filed two separate appeals of right, one which challenged his conviction and the second which challenged his initial re-sentencing by the trial court.  After petitioner's case was remanded to the trial court and petitioner was again re-sentenced, petitioner was afforded a third appeal of right. (This Court's Dkt. # 24-20).

16

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

unnecessary to review petitioner's other claims and declines to do so. *See Satterlee v.*

*Wolfenbarger,* 374 F. Supp. 2d 562, 567 (E.D. Mich. 2005).

## IV.  ORDER

**IT IS HEREBY ORDERED that Petitioner's application for writ of habeas**

**corpus is conditionally granted.  Unless the state takes action to afford**

**Petitioner a new trial within ninety days of the date of this opinion, he may apply**

**for a writ ordering respondent to release him from custody forthwith.**

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: February 21, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on February 21, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

17