**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CONNY MORITZ,

      Petitioner,               CASE NO. 2:07-CV-15369

v.                         HONORABLE ARTHUR J. TARNOW

JEFFREY WOODS,

      Respondent.

_____/

**OPINION AND ORDER GRANTING A STAY OF THE**
**WRIT OF HABEAS CORPUS PENDING APPEAL AND REFERRING THE MATTER**
**TO PRETRIAL SERVICES FOR AN INVESTIGATION AND BOND**
**RECOMMENDATION**

This matter is before the Court on respondent's motion for immediate consideration and for a stay pending the appeal of the Court's decision to grant habeas relief to the petitioner and petitioner's motion for release on bond with conditions. For the reasons stated below, the motion for a stay is GRANTED. The Court will further take petitioner's motion for bail under advisement and will refer the matter to Pretrial Services for an investigation and recommendation in relation to the appropriate conditions for petitioner's release.

On February 21, 2012, this Court granted petitioner a conditional writ of habeas corpus, on the ground that petitioner did not knowingly and intelligently waive his Sixth Amendment right to be represented by his retained counsel during a critical stage of his trial, namely, when the deadlocked jury was given a supplemental jury instruction to continue with their deliberations. *Moritz v. Woods*, --- F.Supp.2d ----, No. 2012 WL 542583 (E.D. Mich. February 21, 2012). Respondent has filed a motion for a stay

1

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

pending appeal.  In response, petitioner has filed a motion for release on bond with conditions.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); F.R.A.P. Rule 23(c). Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

The factors regulating the issuance of a stay are:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
(2) whether the applicant will be irreparably injured absent a stay;
(3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
(4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

In determining whether to grant a stay, a federal court may also consider "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal ...; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Hilton,* 481 U.S. at 777.

2

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

Although this Court disagrees with respondent's claim that he has made a strong showing that he is likely to succeed on the merits of the case on appeal, the Court will grant respondent a stay pending appeal.  Although petitioner may suffer injury from his continued confinement pursuant to a conviction that this Court has found to be constitutionally infirm, "it would be a waste of judicial resources for the appeal to proceed in the Sixth Circuit Court of Appeals, while simultaneously requiring the State to grant relief to Petitioner." *Williams v. Booker,* 715 F. Supp. 2d 756, 770 (E.D. Mich. 2010); *rev'd on other grds,* No. 2012 WL 15722 (6th Cir. January 5, 2012).  Accordingly, the Court will grant respondent's motion for stay pending appeal.

The Court will further take petitioner's motion for bond under advisement and will refer the matter to Pretrial Services for an investigation and recommendation in relation to the appropriate conditions for petitioner's release. *See e.g. Newman v. Metrish,* 300 Fed. Appx. 342, 343-44 (6th Cir. 2008); *See also Smith v. Jones,* No.2007 WL 3408552, * 4 (E.D. Mich. November 15, 2007).

### ORDER

IT IS ORDERED THAT Respondent's Motion for a Stay Pending Appeal [Dkt. # 39] is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion for Bond [Dkt. # 43] is taken under advisement.

3

*Moritz v. Woods,* U.S.D.C. 07-CV-15369

IT IS FURTHER ORDERED that the matter shall be referred to Pretrial Services

for an investigation and recommendation in relation to the appropriate conditions for

Petitioner's release.

SO ORDERED

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: April 5, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of
record on April 5, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

4