UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNY MORITZ,

    Petitioner,                   CASE NO. 2:07-CV-15369
v.                                HONORABLE ARTHUR J. TARNOW
                                  UNITED STATES DISTRICT JUDGE
BLAINE C. LAFLER,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION FOR BOND

Conny Moritz, ("Petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his conviction for kidnapping, M.C.L.A. 750.349; first-degree home invasion, M.C.L.A. 750.110a(2); carrying a dangerous weapon with unlawful intent, M.C.L.A. 750.226; assault with a dangerous weapon, M.C.L.A. 750.82; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b.  On February 21, 2012, this Court granted petitioner a conditional writ of habeas corpus, on the ground that petitioner did not knowingly and intelligently waive his Sixth Amendment right to be represented by his retained counsel during a critical stage of his trial, namely, when the deadlocked jury was given a supplemental jury instruction to continue with their deliberations. *Moritz v. Woods*, 844 F. Supp. 2d 831 (E.D. Mich. 2012). Because the Court granted relief on this claim, the Court declined to address petitioner's remaining claims. *Id.*  The Sixth Circuit subsequently reversed the

1

*Moritz v. Lafler,* No. 07-15369

grant of the writ of habeas corpus and remanded the case to this Court for consideration of petitioner's remaining claims. *Moritz v. Lafler*, No. 2013 WL 1777127 (6th Cir. April 25, 2013). On July 24, 2013, petitioner filed a petition for writ of certiorari, which remains pending before the United States Supreme Court.

Before the Court is petitioner's motion for release on bond. For the reasons stated below, the motion is DENIED WITHOUT PREJUDICE.

The Court will deny petitioner's motion for bond reduction. In order to receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice*.* *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See also Nash v. Eberlin,* 437 F. 3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F. 2d 204, 208 (6th Cir. 1984). By implication, a federal court should not grant bail under other circumstances.

In light of the fact that the Sixth Circuit reversed this Court's grant of a writ of habeas corpus, petitioner has failed to establish at this time that he would prevail on the merits of his claims, thus, he is not entitled to release on bail. *See e.g. Greenup v. Snyder,* 57 Fed. Appx. 620, 621-22 (6th Cir. 2003). The Court

*Moritz v. Lafler,* No. 07-15369

will reconsider petitioner's motion for bond reduction on remand if it determines that petitioner's remaining claims have any merit.

## ORDER

Based upon the foregoing, **IT IS ORDERED** that the motion for bond [Dkt. # 43] is **DENIED WITHOUT PREJUDICE.**


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: August 28, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 28, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant