UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNY MORITZ,

    Petitioner,                             CASE NO. 2:07-CV-15369
v.                                         HONORABLE ARTHUR J. TARNOW
                                            UNITED STATES DISTRICT JUDGE
JEFFREY WOODS,

    Respondent.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE THE MOTION TO COMPEL CERTAIN MEDICAL AND MENTAL HEALTH RECORDS

On February 21, 2012, this Court granted petitioner a conditional writ of habeas corpus, on the ground that petitioner did not knowingly and intelligently waive his Sixth Amendment right to be represented by his retained counsel during a critical stage of his trial, namely, when the deadlocked jury was given a supplemental jury instruction to continue with their deliberations. *Moritz v. Woods*, 844 F. Supp. 2d 831 (E.D. Mich. 2012). Because the Court granted relief on this claim, the Court declined to address petitioner's remaining claims. *Id.* The Sixth Circuit subsequently reversed the grant of the writ of habeas corpus and remanded the case to this Court for consideration of petitioner's remaining claims. *Moritz v. Lafler*, 525 Fed. Appx. 277 (6th Cir. 2013); *cert. den.* 134 S. Ct. 424 (2013).

1

*Moritz v. Woods,* No. 07-15369

On November 20, 2013, this Court issued an Order reopening the habeas corpus case and setting deadlines for the filing of supplemental briefs.

On February 6, 2014, petitioner filed a motion seeking the production of various medical and mental health records of the victim. The parties have stipulated to adjourn the briefing deadlines pending the resolution of petitioner's motion. For the reasons that follow, the motion is denied without prejudice.

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. A further limitation on discovery is the case of *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398–1401 (2011), in which the Supreme Court held that under the clear language of the 28 U.S.C. § 2254(d), a district court is precluded from considering new evidence when reviewing a petition under § 2254(d) where the petitioner's claims were adjudicated on the merits in state court proceedings. The burden is on the petitioner to establish the

*Moritz v. Woods,* No. 07-15369

materiality of the requested discovery. *See Stanford v. Parker,* 266 F. 3d 442, 460 (6th Cir. 2001).

In the present case, neither petitioner nor respondent have filed supplemental pleadings in this case.  Until this Court reviews these pleadings, particularly respondent's answer, "it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow." *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006); *See also Shaw v. White,* No. 2007 WL 2752372, * 3 (E.D. Mich. September 21, 2007).  In addition, none of the Rule 5 materials have been reviewed by the Court; and review "of those materials may obviate the need to order discovery." *Shaw,* No. 2007 WL 2752372, at * 3. Granting petitioner's discovery request at this time would be premature. Therefore, the motion for discovery will be denied without prejudice. *Id.*

**IT IS HEREBY ORDERED** that motion to compel the production of various medical and mental health records [Dkt. # 53] is **DENIED WITHOUT PREJUDICE**.  The Court will reconsider petitioner's motion if, following review of the supplemental pleadings and Rule 5 materials, the Court determines that additional discovery is necessary.

                                    S/Arthur J. Tarnow
                                    Arthur J. Tarnow
                                    Senior United States District Judge

Dated:  May 21, 2014

*Moritz v. Woods,* No. 07-15369

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on May 21, 2014, by electronic and/or ordinary mail.

<u>S/Catherine A. Pickles</u>
Judicial Assistant