**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CONNY MORITZ,

      Petitioner,                 CASE NO. 2:07-CV-15369

v.                               HONORABLE ARTHUR J. TARNOW
                               UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

      Respondent.

_____/

## OPINION AND ORDER GRANTING A STAY OF THE WRIT OF HABEAS CORPUS PENDING APPEAL

This matter is before the Court on respondent's motion for a stay pending the appeal of the Court's decision to grant habeas relief to the petitioner. For the reasons stated below, the motion is GRANTED.

This Court granted petitioner a writ of habeas corpus, finding that petitioner's Sixth Amendment right to confrontation was violated when the trial court permitted an incarcerated witness' preliminary examination testimony to be admitted into evidence after declaring him unavailable to testify at trial, when no good faith efforts had been made to obtain the presence of this witness.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v.*

*Moritz v. Woods,* 2:07-CV-15369

*Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); F.R.A.P. Rule 23(c).  Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

> The factors regulating the issuance of a stay are:
>
> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.
>
> *Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

In determining whether to grant a stay, a federal court may also consider "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal ...; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Hilton,* 481 U.S. at 777.

Although this Court disagrees with respondent's claim that he has made a strong showing that he is likely to succeed on the merits of the case on appeal, the Court will grant respondent a stay pending appeal.  Although petitioner may suffer injury from his continued confinement pursuant to a conviction that this

2

*Moritz v. Woods,* 2:07-CV-15369

Court has found to be constitutionally infirm, "it would be a waste of judicial

resources for the appeal to proceed in the Sixth Circuit Court of Appeals, while

simultaneously requiring the State to grant relief to Petitioner." *Williams v.*

*Booker,* 715 F. Supp. 2d 756, 770 (E.D. Mich. 2010); *rev'd on other grds,* 454

Fed. Appx. 475 (6th Cir. 2012).  Accordingly, the Court will grant respondent's

motion for stay pending appeal.

### **ORDER**

IT IS ORDERED THAT Respondent's Motion for a Stay Pending Appeal

[Dkt. # 83] is GRANTED.


s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: May 3, 2016

I hereby certify that a copy of the foregoing document was served upon counsel
of record on May 13, 2016, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Assistant

3