UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CONNY MORITZ,**  Petitioner,  vs.  **JEFFREY WOODS**,  Respondent. | 2:07-CV-15369-TGB-PTM  **ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 96)** |

This matter is before the Court on Petitioner Conny Moritz's second motion for relief from judgment. ECF No. 96. On April 28, 2022, this Court transferred Petitioner's first motion for relief from judgment to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition and denied the motion for an evidentiary hearing. ECF No. 92. On July 6, 2022, this Court denied Petitioner's motion to amend his Rule 60(b) motion for relief and his motion for reconsideration. ECF No. 95. The Sixth Circuit subsequently dismissed Petitioner's case for failure to prosecute after Petitioner failed to correct a deficiency noticed by the Sixth Circuit on April 28, 2022. ECF No. 97.

On September 8, 2022, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) in this Court while his case was still pending in the Sixth Circuit. ECF No. 96.

1

Petitioner argues that this Court erred in construing his prior Rule 60(b) motion to be a successive habeas petition and transferring it to the Sixth Circuit.

Rule 60(b)(6) permits a Court to grant relief from judgment for any reason that justifies relief not contemplated by Rule 60(b)(1)–(5). While "[m]otions under Rule 60(b)(6) are not subject to [the] additional 1-year constraint" imposed by Rule 60(c)(1), a Rule 60(b)(6) motion must still be filed "within a reasonable time." *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022) (quoting Fed. R. Civ. P. 60(c)(1)). Assuming a Rule 60(b)(6) motion is filed within a reasonable time, the movant cannot prevail unless they present "extraordinary or exceptional circumstances" warranting relief. *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985); *see also Kemp*, 142 S. Ct. at 1861.

Petitioner has failed to present "extraordinary or exceptional circumstances" necessary to obtain relief from judgment under Rule 60(b)(6). This Court did not err in treating Petitioner's prior motion for relief from judgment as a successive habeas petition that required prefiling authorization from the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

In his amended habeas petition filed on November 20, 2009, Petitioner claimed that the prosecution failed to obtain the presence of Carl Cooper, a key witness, who was incarcerated 39 miles away from the

Macomb County Circuit Court, and instead introduced Cooper's preliminary examination testimony after the trial court deemed Cooper unavailable. *See* Amended Habeas Petition, ECF No. 12, PageID.173–87; Order, ECF No. 79, PageID.2705, PageID.2709–11. The late Honorable Arthur J. Tarnow granted Petitioner's amended habeas petition because the prosecutor's failure to make good faith efforts to obtain Cooper's live trial testimony violated Petitioner's Sixth Amendment right to confrontation. ECF No. 79, PageID.2709–11. The Sixth Circuit reversed Judge Tarnow's decision, concluding that the state court judgments on the Confrontation Clause claim were not given proper AEDPA deference. ECF No. 86.

On April 5, 2022, Petitioner filed his first motion for relief from judgment. ECF No. 91. In that motion, Petitioner raised identical Confrontation Clause issues related to Cooper that were previously adjudicated through his amended habeas petition. *See id.* at PageID.2780–84, PageID.2790–91. Accordingly, this Court determined that Petitioner's first motion for relief from judgment was an attempt to file a second or successive habeas petition because the motion sought to re-litigate a claim that he previously raised in his prior habeas petition. The Court acted within its powers in construing Petitioner's motion for relief as a second or successive habeas petition, even though Petitioner did not stylize his motion as such. *See In re Bowling,* 422 F. 3d 434, 440 (6th Cir. 2005) (construing the petitioner's "Rule 60(b) motion as an

3

application for permission to file a second or successive habeas petition" and denying leave to file a second habeas petition "because [the petitioner] seeks to re-litigate claims previously raised in his initial habeas petition").

Furthermore, although Petitioner seemed to suggest that he had new evidence in support of his Sixth Amendment claim, specifically related to the prosecution's withholding of evidence that Cooper was not actually incarcerated nor unavailable, the presentation of new evidence in support of a previously denied claim constitutes a successive habeas petition under § 2244(b)(3)(A). *Id.* at 439–40.

Although Petitioner now claims that the Court erred because he "was not, and is not seeking to file a second or successive petition," ECF No. 96, PageID.2869, Petitioner has not demonstrated extraordinary and exceptional circumstances that warrant disturbing the Court's sound judgment. Without any indication that the Court's prior judgment was in error or should otherwise be vacated, Petitioner cannot prevail on his Rule 60(b)(6) motion.

For the foregoing reasons, the motion for relief from judgment (ECF No. 96) is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 1, 2023          s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE